# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEGHAN GIOFFE, MELISSA ANIDO, and ALAN WURZELBACHER, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, d/b/a AUDI OF AMERICA, INC., AUDI AG, a German corporation, and VOLKSWAGEN AG, a German corporation,<br><br>          Defendants. | No. 1:22-cv-00193-NLH-AMD |

## [PROPOSED] ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

**WHEREAS**, this matter has come before the Court pursuant to Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 33) (the "Motion");

**WHEREAS**, the Court finds it has jurisdiction of this Action[1];

**WHEREAS**, on October 24, 2022, the Court issued an Order granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No.

---

[1] Unless otherwise defined herein, the terms used in this Order and Judgment are defined in the Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

1

28) (the "Preliminary Approval Order");

**WHEREAS**, the Preliminary Approval Order, *inter alia*, preliminarily approved the Settlement Agreement ("Settlement Agreement" or "Settlement") as fair, reasonable, and adequate, and satisfying, in all respects, the requirements of Fed. R. Civ. P. 23; conditionally certified the Settlement Class for settlement purposes only; approved and directed the implementation of the Parties' proposed Class Notice Plan ("Notice Plan"); and conditionally approved Plaintiffs Meghan Gioffe, Melissa Anido, and Alan Wurzelbacher as Settlement Class Representatives, the law firm of Berger Montague, PC as Settlement Class Counsel, and Angeion Group as the Claim Administrator;

**WHEREAS**, on January 31, 2023, the Court entered a Stipulation and Order to Modify and Amend the Class Settlement, Preliminary Approval Order, and Associated Timetable Concerning This Preliminarily Approved Class Action Settlement (ECF No. 30) ("Preliminary Approval Modification Order" and together with the Preliminary Approval Order, the "Preliminary Approval Orders");

**WHEREAS**, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

**WHEREAS**, the Court approved, and directed the dissemination of, the Class Notices and Claim Forms pursuant to the Parties' Notice Plan as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ.

P. 23(e) and due process (ECF No. 28, 30);

**WHEREAS**, said Notice Plan, as approved by this Court, was successfully effectuated in a timely and proper manner as confirmed by Angeion Group (ECF No. 35-1) and counsel for the Parties (ECF No. 35);

**WHEREAS**, no Settlement Class Member filed any objection to the proposed Settlement;

**WHEREAS**, the Court held a Final Fairness Hearing on June 20, 2023 with counsel for the Parties to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, and the timeliness and validity of certain Requests for Exclusion;

**WHEREAS**, the Court has reviewed and carefully considered all of the filed submissions relating to the proposed Settlement, including the Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 33) and exhibits thereto (the "Motion"), the Parties' Settlement Agreement dated August 9, 2022 with exhibits (ECF Nos. 25-3 – 25-8) ("Settlement Agreement"), as amended on January 7, 2023 (ECF No. 29-2), the supporting Declarations of counsel (ECF Nos. 25-2, 29-1); the Declarations of Jenny Shawger and Kimberly O'Kane of Angeion Group (ECF No. 35-1, 36), the briefs of Plaintiffs (ECF Nos. 25-1, 33-1) and Defendant (ECF No. 38) in response to the requests for exclusion and in further support of final approval of the Settlement, all other submissions and filings in this action, and the

applicable law, and has had due deliberation thereon;

**IT IS ORDERED AND ADJUDGED AS FOLLOWS**:

1.     The Court hereby grants final approval of the Settlement Agreement and all of the terms and provisions of the Settlement Agreement.  The Court finds that the Settlement is fair, reasonable and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law. Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998) which include: an assessment of the likelihood that the Class Representatives would prevail at trial; the range of possible recovery; the consideration provided to Settlement Class Members as compared to the range of possible recovery when considering the inherent risks and delays of litigating this action to conclusion; the complexity, expense, and possible duration of litigation in the absence of the Settlement; the reaction of the Settlement Class to the Settlement and the nature and extent of any objections to the Settlement (there were no objections to this Settlement); the stage of the proceedings and Class Counsel's knowledge of the facts, issues, and risks/benefits of litigation; the amount of discovery; the risk of establishing liability and/or damages and/or of significantly reduced and/or delayed recovery; the risk of not obtaining class certification or not maintaining class certification through trial and appeal if the Action is litigated to

conclusion; the ability of the defendant to withstand a greater judgment, the range of reasonableness of the Settlement; the underlying substantive issues in the case; the results achieved; whether Settlement Class Members were afforded a reasonable opportunity to opt-out of the Settlement if they wished to do so; whether the attorneys' fees are reasonable, and whether the procedure for processing claims is fair and reasonable. The Court concludes that the factors support granting final approval of the settlement.

2.    The Court finds the factors recently added to Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Third Circuit has enumerated in *Girsh* and *In re Prudential*, and that each supports final approval of the Settlement.

3.    With respect to the proposed Settlement Class, this Court has determined that, for purposes of settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) prerequisites:

a.    The Settlement Class Members are so numerous that joinder of all members is impracticable, as there are approximately 339,911 Settlement Class Vehicles and approximately 460,073 Settlement Class Members.  Fed. R. Civ. P. 23(a)(1).

b.    There are questions of law or fact common to the Settlement Class, Fed. R. Civ. P. 23(a)(2), such as whether the gateway control modules in the Settlement Class Vehicles contained a design defect, whether

Defendant unlawfully failed to adequately disclose such alleged defect prior to sale; and whether, as a result, Settlement Class Members sustained any monetary damages.

c.    The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). They have alleged that Defendant sold defective vehicles and failed to disclose (or to adequately disclose), alleged damages apply to the Settlement Class Members in the same or similar manner, and the interests of the Settlement Class representatives do not conflict with the interests of the Settlement Class.

d.    The Class Representatives have fairly and adequately protected the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class Representatives do not have interests that are antagonistic to the Settlement Class and are fully aligned with the interests of other Settlement Class Members. Accordingly, the Court finds that the Class Representatives have satisfied Rule 23(a) for purposes of evaluating the settlement.

4.    The Court also finds for settlement purposes that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that "a class action is superior to other available methods

6

for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Here, Settlement Class Members share a common legal grievance arising from the

Plaintiffs' claims of the Defendant's alleged failure to disclose or adequately

disclose material facts about the gateway control modules in the Settlement Class

Vehicles. Common legal and factual questions predominate over any individual

questions that may exist for purposes of this settlement, and the fact that the Parties

are able to resolve the case on terms applicable to all Settlement Class Members

underscores the predominance of common legal and factual questions for purposes

of this Settlement. In concluding that the Settlement Class should be certified

pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class

action is superior for purposes of resolving these claims because individual class

members have not shown any interest in individually controlling the prosecution of

separate actions, and because this is a Settlement, the Court need not be concerned

with the manageability issues that would exist if the Action were tried. *See Amchem*

*Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Moreover, the cost of litigation

likely outpaces the individual recovery available to any Settlement Class Members.

*See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of

this Settlement, Rule 23(b)(3) has also been satisfied

    5.    The Notice Plan was timely and properly effectuated, and in all respects

(i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best

practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action, the Settlement, and their rights including the right (and deadlines) to object to the proposed Settlement, exclude themselves from the Settlement, and submit a Claim for Reimbursement under the Settlement; (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice, (v) adequately informed Settlement Class Members of their rights in the Action, and (vi) provided Settlement Class Members with reasonable and adequate time to object to the settlement, opt-out of the settlement, and file Claims for Reimbursement under the Settlement. Fed. R. Civ. P. 23(c)(2).

6.    In accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and to the Attorneys General of each State where Settlement Class Members reside and of Puerto Rico.  None of the Attorneys General have filed any objections to the Settlement.

7.    The Settlement was entered into as a result of vigorous and extensive arm's-length negotiations of highly disputed claims, among experienced class action counsel on both sides and with the assistance of an experienced and highly respected third-party neutral mediator at JAMS.  The Settlement is not the product of collusion,

and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective cases, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the issues of Class Representative service awards and Class Counsel reasonable attorneys' fees and expenses were not discussed, and not agreed to by the Parties, until after the Parties and their counsel had reached agreement on the material terms of this Settlement, and were, likewise, without any collusion.

8. The Court reaffirms its appointments, grants final approval of, and hereby appoints Plaintiffs Meghan Gioffe, Melissa Anido, and Alan Wurzelbacher as Representatives of the Settlement Class ("Settlement Class Representatives"), and the law firm of Berger Montague, PC as Class Counsel for the Settlement Class. The Court finds that said Settlement Class Representatives and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

9. The Court reaffirms, grants final approval of and hereby appoints Angeion Group as the Claim Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

10. Settlement Class Members were duly afforded a reasonable and ample

opportunity to object to or request exclusion from the Settlement, and were duly

advised of the deadlines and procedures for doing so.  Of the approximate 460,073

Settlement Class Members, the Court has received no objections to the Settlement,

and only 63 timely and valid requests for exclusion, from Settlement Class Members.

The Court finds that the lack of any objections and very small number of requests

for exclusion demonstrate that the Settlement Class overwhelmingly favors the

Settlement, and further supports the finding herein that the Settlement is fair,

reasonable, adequate, and warranting of final approval by this Court.

11.     Consistent with the Preliminary Approval Orders, the Court hereby

grants class certification, for the purpose of settlement, to the following Settlement

Class:

> All persons and entities who purchased or leased, in the
> United States or Puerto Rico, the following vehicles
> imported and distributed by Volkswagen Group of
> America, Inc. for sale or lease in the United States and
> Puerto Rico: (a) any model year 2018, 2019, 2020 or 2021
> Audi Q5 or Audi SQ5 vehicle, (b) any model year 2021
> Audi Q5 Sportback or Audi SQ5 Sportback vehicle, and
> (c) certain model year 2022 Audi Q5, SQ5, Q5 Sportback
> or SQ5 Sportback vehicles, certain model year 2020, 2021
> and 2022 Audi S6, Audi S7 or Audi A6 allroad vehicles,
> certain model year 2021 and 2022 Audi RS 6 Avant or
> Audi RS 7 vehicles, and certain model year 2019, 2020,
> 2021 and 2022 Audi A6 sedan or Audi A7 vehicles which
> are identified by Vehicle Identification Number ("VIN")
> in the VIN list attached to the Settlement Agreement as
> Exhibit C.
> Excluded from the Settlement Class are (a) all Judges who
> have presided over the Action and their spouses; (b) all

current employees, officers, directors, agents and representatives of Defendants, and their family members; (c) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released any Defendant or Released Party from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

14.    The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the 63 Settlement Class Members who are listed on Exhibit A annexed hereto.

15.    The Court has also considered the requests for exclusion of seven (7) additional individuals.  The Court finds that the requests for exclusion from three (3) individuals (Mithun Chowdhury, Michael Savetsky, and Francisco Mendoza) are invalid because they are untimely.  The Court finds that the request for exclusion of Griselda Perez is invalid because it fails to state that the person seeking exclusion is a current or former owner or lessee of a Settlement Class Vehicle, in violation of the Preliminary Approval Order as also recited in Section 10 of the Class Notice.  Finally, the Court finds that the request for exclusion of Deborah K. Wright is invalid

because it fails to state that the person seeking exclusion is a current or former owner or lessee of a Settlement Class Vehicle, and also, fails to include a telephone number, in violation of the Preliminary Conference Order as also recited in Section 10 of the Class Notice.  These five (5) Settlement Class Members are thus not excluded from the Settlement, and are bound in all respects by the Settlement, the Release of Claims contained in the Settlement Agreement, and this Order and Judgment. The Court finds that the requests for exclusion from two (2) individuals (Jeremy Aron and Lee Anna Pyle-Aron) are invalid because they do not involve Settlement Class Vehicles. As such, these individuals are already not Settlement Class Members.

16.    The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

17.    The Parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein.

18.    The Action is hereby dismissed with prejudice and without costs, except as provided in the Court's order related to Plaintiffs' motion for attorneys' fees, expenses, and incentive awards. The Clerk of Court is directed to close this docket.

19.    Upon the Effective Date, the Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of this Final Order and

Judgment shall have, fully, completely and forever released, acquitted and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreement.

20.    Neither this Settlement, its negotiations, any agreements, documents and submissions relating thereto, nor this Final Approval Order and Judgment or any finding contained herein, shall in any way constitute, or be argued or deemed to constitute, evidence of, or any admission by any Party as to, the merits of any allegation, claim or position that was or could have been asserted in this Action, nor shall it, in any way, or anywhere, be deemed, construed, argued as, admitted as, or in any way used as, any admission of, or as any evidence of, any fact, claim, factual or legal issue, liability, wrongdoing, or responsibility of any kind on the part of the Defendant or any Released Party, or of any violation or breach of any statute, law, rule, regulation, principle of common law or equity, or of any duty or obligation whatsoever on the part of any Defendant or Released Party. This Final Approval Order and Judgment and the Settlement shall not be offered or be admissible as evidence against any Defendant, any of the Released Parties, or the Plaintiffs, and shall not be cited or referred to in any action or proceeding (judicial, administrative, arbitral, or otherwise) except to enforce the terms of the Settlement Agreement and/or this Final Order and Judgment including the Release of Claims against the Defendant and the Released Parties.

21.    In the event that any provision of the Settlement or this Final Approval Order and Judgment is asserted by Defendant or any Released Party as a defense (including, without limitation, as a basis for dismissal, a stay and/or to enforce the Release herein), in whole or in part, to any claim, suit, action or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s), that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

21.    Without further Order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Order and any obligations thereunder. The Parties will jointly inform the Court of any and all material extensions of time by filing the notices of any extensions through the Court's CM/ECF system.

22.    Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member, is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or in any way enforcing, any Released Claim against Defendant and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other

action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

23. Without affecting the finality of this Final Approval Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over and with respect to the consummation, implementation and enforcement of this Settlement and its terms and provisions, including the release of claims therein, and any suit, action, proceeding (judicial, arbitral, administrative, or otherwise) or dispute arising out of or relating to this Final Approval Order and Judgment, the applicability of the Settlement Agreement, compliance with the terms the Settlement Agreement, and the Court's exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims against any Released Parties.

**IT IS SO ORDERED AND ADJUDGED:**

Dated: _____          _____

                                        Hon. Noel L. Hillman
                                        United States District Judge